IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LATISHA MICHELLE ALLEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 20 C 50130 |
| RASMUSSEN COLLEGE, | ) ) Judge John J. Tharp, Jr. |
| Defendants. | ) ) ) |

## ORDER

For the reasons set forth in the Statement below, the Court grants Plaintiff's application for leave to proceed *in forma pauperis* [3]. Plaintiff may proceed without prepayment of the filing fee. The United States Marshals Service is appointed to serve Defendant. The Clerk shall issue a summons for service of the complaint by the U.S. Marshal on Defendant. The Clerk is directed to mail Plaintiff a blank USM-285 form. The U.S. Marshal will not attempt service on the Defendant unless and until the required form is received from Plaintiff. Plaintiff's attachment of similar forms to the complaint is not a substitute for sending the USM-285 form to the U.S. Marshal. Plaintiff must therefore complete and return the form to the U.S. Marshal within thirty days of the date of this order. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. Plaintiff's complaint survives initial review under 28 U.S.C. § 1915. Plaintiff's motion for attorney representation [4] is denied.

## STATEMENT

Plaintiff LaTisha Michelle Allen brings a *pro se* complaint of employment discrimination against Defendant Rasmussen College (Rasmussen). The complaint[1] alleges that Defendant discriminated against Allen on the basis of race and retaliated against her when she complained about that discrimination. Along with her *pro se* complaint, Allen filed an application to proceed *in forma pauperis* ("IFP") and a motion for attorney representation.

Under 28 U.S.C. § 1915, the federal IFP statute, indigent plaintiffs are permitted to commence a civil action without prepaying the administrative costs (*e.g.*, the filing fee) of the

---

[1] Although Allen has not provided a separate document containing a "short, plain statement of the claim," Fed. R. Civ. P. 8(a)(2), she has attached her EEOC charge, which includes a description of the events at issue. The Court incorporates those facts as forming the basis of her complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976))).

lawsuit. Allen's IFP application demonstrates that she qualifies for IFP status. Although Allen made $30,000 in the last twelve months, she is no longer employed. According to her application, Allen is responsible for two children and is not currently receiving any government benefits. Acknowledging the acute economic difficulties facing many families due to COVID-19, the Court finds that prepayment of the $400 filing fee would be an undue financial hardship. Accordingly, Allen's IFP application is granted.

In reviewing an IFP application, however, courts must also screen the complaint. 28 U.S.C. § 1915(e)(2); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022–23 (7th Cir. 2013). This means that the Court must dismiss the complaint, or any claims therein, if it determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Coleman v. Labor & Indus. Review Comm'n of Wis.*, 860 F.3d 461, 465 (7th Cir. 2017) (stating that § 1915(e) "instructs the court to dismiss the case at any time if, among other things, the action fails to state a claim on which relief may be granted" (citation omitted) (internal quotation marks omitted)); *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988) ("If the complaint submitted along with the petition is frivolous, the district court must deny leave to proceed in forma pauperis under § 1915(a) . . . .").

Courts screen IFP complaints in the same manner that applies when a defendant moves to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6). *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted) (internal quotation marks omitted). Under federal pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To adequately plead an employment discrimination claim, Plaintiff need only plead that her employer took an adverse action against her on the basis of a protected characteristic. *Luevano*, 722 F.3d at 1028. For example, a complaint alleging sex discrimination "need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of [] sex," *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). "In these types of cases, the complaint merely needs to give the defendant sufficient notice to enable him to begin to investigate and prepare a defense." *Id.* at 1085. "Employers are familiar with discrimination claims and how to investigate them, so little information is required to put the employer on notice of these claims." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014). Allen's allegations that she was discriminated against on the basis of her race—that she was called dirty and unprofessional, excluded from meetings, and subjected to intense micromanagement—appear to meet the low

pleading bar in employment discrimination cases, so her complaint survives initial screening.[2] This Order, however, which is rendered without adversarial testing, in no way precludes the Defendant from challenging the sufficiency of the Complaint under Rule 12.

The Court directs the Clerk to issue a summons on the Defendant. The Clerk of Court shall send to Plaintiff a blank USM-285 service form. The U.S. Marshal is appointed to serve Defendant, but will not attempt service until the required form is received. Plaintiff must therefore complete and return a service form for Defendant, and failure to do so may result in the dismissal of an unserved defendant, as well as dismissal of this case for failing to prosecute it. The Marshal shall make all reasonable efforts to serve Defendant and is authorized to send requests for waiver of service in the manner prescribed by Federal Rule of Civil Procedure 4(d) before attempting personal service.

Finally, Allen's motion for appointment of counsel is denied without prejudice. There is no constitutional or statutory right to court-appointed counsel in federal civil litigation. District courts, however, have discretion to request an attorney to represent indigent litigants. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Motions for attorney representation are granted only if 1) the indigent plaintiff has made reasonable attempts to secure counsel on her own, and 2) "the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Id.* at 654. Allen's motion does not indicate that she has contacted any attorneys or legal organizations seeking representation, which does not constitute "reasonable attempts" to secure counsel on her own. Further, according to her motion, Allen has completed some college. This suggests that she is competent to provide a factual narrative of the events on which her claim is based, which is all that is required at this early stage in the litigation. Therefore, her motion for attorney representation is denied without prejudice.

Date: April 20, 2020

John J. Tharp, Jr.
United States District Judge

---

[2] Given the date of filing of her EEOC complaint, it is apparent that Allen has not exhausted her claim under Title VII, but no matter. Complaints need not plead legal theories and it suffices here that Allen's complaint states an adequate claim for relief under 42 U.S.C. § 1981 (discrimination in the making and performance of contracts); *see*, *e.g.*, *Walker v. Abbott Laboratories,* 340 F.3d 471, 478 (7th Cir. 2003) (at-will employment relationship adequate to maintain a § 1981 action against employer*)*.

3